**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____ x

MATTHEW R. CHISTE, JASON SIDENER, and
CECILY LAMATTINA, on behalf of themselves and all
others similarly situated,

                             Plaintiffs,                         08 Civ. 10676 (CM)

     against

HOTELS.COM L.P., and EXPEDIA, INC. (WA),

                             Defendants.

_____ x

JAMES SCHULTZ, on behalf of himself and all
others similarly situated,

                             Plaintiff,                         08 Civ. 10744 (CM)

     against

TRAVELOCITY.COM, LP, TRAVELOCITY.COM, INC.,
SITE59.COM, LLC, SABRE HOLDINGS CORP.,

                             Defendants.

_____ x

MATTHEW CHISTE, DONALD SCHROUD,
and MARC GUTMAN, on behalf of themselves and all
others similarly situated,

                             Plaintiffs,                    08 Civ. 10746 (CM)

     against

PRICELINE.COM, INC.,

                             Defendant.

_____ x

HEATHER PELUSO, on behalf of herself and all
others similarly situated

                             Plaintiff,                       10 Civ. 07522 (CM)

     against

ORBITZ.COM, ORBITZ LLC, ORBITZ WORLDWIDE, INC.,
ORBITZ WORLDWIDE DEVELOPMENT, LLC,
ORBITZ WORLDWIDE INTERNATIONAL, LLC,
ORBITZ WORLDWIDE, LLC, TRAVELPORT L.P.,
THE BLACKSTONE GROUP L.P., CENDANT
CORPORATION,

                                    Defendants.

_____   x


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT


Robert A. Weiner
McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173
Tel: (212) 547-5400
Email: rweiner@mwe.com


*Attorneys for Defendants Orbitz.com, Orbitz,
LLC, Orbitz Worldwide, Inc., Orbitz Worldwide
Development, LLC, Orbitz Worldwide
International, LLC , Orbitz Worldwide, LLC,
Travelport L.P., The Blackstone Group L.P.,
and Cendant Corporation.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................... 1

ALLEGED FACTUAL BACKGROUND ........................................................................... 2

ARGUMENT ........................................................................................................................ 3

I.      APPLICABLE LEGAL STANDARDS ..................................................................... 3

II.     PELUSO HAS NOT STATED AN UNJUST ENRICHMENT CLAIM AGAINST ANY
        DEFENDANT .............................................................................................................. 3

        A.    Peluso Is Precluded From Bringing An Unjust Enrichment Claim Because She Alleges a
              Contract ........................................................................................................... 4

        B.    Peluso Fails To State Necessary Elements For An Unjust Enrichment Claim Against Any
              Defendant........................................................................................................... 6

        C.    Peluso Fails To Allege That She Used The Services Of Any Defendant Other Than
              Orbitz ................................................................................................................. 9

CONCLUSION..................................................................................................................... 10

## **TABLE OF AUTHORITIES**

### Cases

*380544 Can., Inc. v. Aspen Tech., Inc.*,
   544 F. Supp. 2d 199 (S.D.N.Y. 2008)..................................................................... 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)........................................................... 3

*Chiste et al. v. priceline.com, Inc.*,
   No. 08-cv-10746 (S.D.N.Y. May 22, 2009) ......................................................... 10

*Fruchthandler v. Green*,
   233 A.D.2d 214 (N.Y. App. Div. 1996) ................................................................. 7

*Gary Friedrich Enters., LLC v. Marvel Enters.*,
   713 F. Supp. 2d 215 (S.D.N.Y. 2009)..................................................................... 4

*Giordano v. Thomson*,
   564 F.3d 163 (2d Cir. 2009).................................................................................... 6

*Goldman v. Metro. Life Ins. Co.*,
   5 N.Y.3d 561 (N.Y. 2005) ...................................................................................... 4

*Hartigan v. E & E Hauling, Inc.*,
   607 N.E.2d 165 (Ill. 1992)...................................................................................... 5

*Henry v. United Parcel Serv., Inc.*,
   379 Fed. Appx. 11 (2d Cir. 2010)........................................................................... 3

*HPI Health Care Serv's, Inc. v. Mt. Vernon Hosp., Inc.*,
   545 N.E.2d 672 (Ill. 1989)...................................................................................... 9

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*,
   12 N.Y.3d 132 (N.Y. 2009) .................................................................................... 4

*In re Hydrogen, L.L.C.*,
   431 B.R. 337 (Bankr. S.D.N.Y. 2010).................................................................... 7

*In re JetBlue Airways Corp. Privacy Litig.*,
   379 F. Supp. 2d 299 (E.D.N.Y. 2005).................................................................... 7

*In Re Orbitz Taxes and Fees Litigation*,
   No. 1-08-0217 (Ill. App. Ct. Sept. 30, 2009)........................................................ 8

*Kessenich v. Raynor,*
   120 F. Supp. 2d 242 (E.D.N.Y. 2000) ................................................................. 6, 9

*Papasan v. Allain,*
   478 U.S. 265, 106 S. Ct. 2932 (1986) ..................................................................... 3

*Riverside Mktg., LLC v. SignatureCard, Inc.,*
   425 F. Supp. 2d 523 (S.D.N.Y. 2006) ..................................................................... 4

*Sobek v. Quattrochi,*
   No. 03 Civ. 10219, 2004 U.S. Dist. LEXIS 24584 (S.D.N.Y. Dec. 9, 2004) ...................... 3, 10

*Tsering v. Wong,*
   No. 08-Civ-5633 (JGK), 2008 U.S. Dist. LEXIS 77606 (S.D.N.Y. Oct. 3, 2008) .................. 10

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................ 2, 3, 10

## PRELIMINARY STATEMENT

On October 1, 2010, Plaintiff Heather Peluso ("Peluso") filed her seven-count Complaint against Defendants Orbitz.com, Orbitz, LLC (d/b/a Orbitz.com) ("Orbitz"),[1] Orbitz Worldwide, Inc., Orbitz Worldwide Development, LLC, Orbitz Worldwide International, LLC, Orbitz Worldwide, LLC, Travelport L.P., The Blackstone Group L.P., and Cendant Corporation (collectively "Defendants").  On November 15, 2010, the Court ordered Peluso to submit a brief "explaining why the Court should not dispose of her complaint in the same matter as it has disposed of the cases against the other defendants."  [D.E. #27].  The Court also ordered that Defendants "have the same period – fourteen days – to move for dismissal of Peluso's unjust-enrichment claim (count seven), a claim that she alone asserts."  [Case No. 08-cv-10676, DE # 27, p. 50].

The unjust enrichment claim against Defendants should be dismissed for two reasons.  First, Peluso's unjust enrichment claim against all Defendants—other than Orbitz—must be dismissed because Peluso fails to allege that she ever used the travel services of any of these Defendants.  No Defendant other than Orbitz operates a travel website or facilitates booking of hotel room reservations.  Therefore, other than Orbitz, Defendants are improper defendants and should be dismissed.

Second, Peluso's claim for unjust enrichment should also be dismissed against all Defendants because (1) Peluso alleges that a contract exists between Orbitz and her (which precludes an unjust enrichment claim); and (2) Peluso fails to allege the elements necessary to state a claim for unjust enrichment.

---

[1] Orbitz.com or Orbitz, LLC (d/b/a Orbitz.com) are not the proper names of any known legal entities.  Rather, the company that operates the travel website www.orbitz.com is Orbitz, LLC. For purposes of this motion, Orbitz, LLC will be referred to as "Orbitz."

## ALLEGED FACTUAL BACKGROUND

Peluso's Complaint contains similar (and often nearly identical) allegations as the three other lawsuits consolidated into this action.[2] Peluso is an Ozark, Alabama resident who contends that she reserved a hotel room through orbitz.com in February 2009 to visit New York City from February 27-March 1, 2009. (Compl. ¶ 9.) Peluso does not allege that she has transacted business with any of the other Defendants other than Orbitz.

Peluso claims that Defendants "enter into contracts with hotel chains and individual hotels located in New York City" to obtain the rights to "sell, rent and book hotel rooms purchased by" or made available to Defendants at a negotiated discount rate. (Compl. ¶¶ 2, 23.) Peluso contends that Defendants then "sell" hotel rooms to consumers on the internet at rates that Defendants "mark-up" using a "Facilitation Fee." (Compl. ¶¶ 2, 25.) Upon "purchasing a room from Defendants," Peluso claims that she received an invoice containing a "three-line room rate display" showing: (1) the "Retail Room Rate;" (2) "the bundled taxes and service fees;" and (3) the "total room price, cost and charges for the stay." (Compl. ¶ 25.) Peluso contends that she paid the "Retail Room Rate, as well as all taxes and Defendants' fees by credit or debit card" and that the transaction is completed when "consumers check out of the hotels in New York." (Compl. ¶ 23.)

Peluso claims that as a condition to "purchase or rent a hotel room," consumers are required to agree to the "Terms and Conditions" in an "Agreement." (Compl. ¶ 27.) According to Peluso, the "Agreement" allegedly "fails to disclose that Defendants mark up the Wholesale Rate of the room and sell the room to the consumer at a higher retail price." (Compl. ¶ 27.) Yet Peluso concedes that the "Agreement" states that "Orbitz may charge a fee for the service it

---

[2] As they must in a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Defendants accept as true the Complaint's allegations for purposes of this motion only.

provides when you purchase, book or reserve travel services, or accommodation through the Site." (Compl. ¶ 27.) Peluso further acknowledges that the Orbitz website states that amounts displayed in the "Taxes and Fees" line include "amounts [Orbitz] expect[s] the hotel to bill for applicable taxes, governmental fees and other charges" and that the line "includes a fee [Orbitz] charge[s] and retain[s] in exchange for the services [Orbitz] provide[s] in facilitating" transactions. (Compl. ¶ 27.)

## ARGUMENT

### I.   APPLICABLE LEGAL STANDARDS

A motion to dismiss assesses the legal feasibility of the complaint, and a complaint should be dismissed when it fails to state a claim upon which relief can be granted. *Sobek v. Quattrochi*, No. 03 Civ. 10219, 2004 U.S. Dist. LEXIS 24584, at *6 (S.D.N.Y. Dec. 9, 2004); Fed. R. Civ. P. 12(b)(6). Although the Court must accept as true all factual allegations in the Complaint, courts are not bound to accept as true a "legal conclusion couched as a factual allegation." *380544 Can., Inc. v. Aspen Tech., Inc.*, 544 F. Supp. 2d 199, 212 (S.D.N.Y. 2008) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986)). "To survive dismissal, the plaintiff must provide the grounds upon which [Peluso's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Henry v. United Parcel Serv., Inc.*, 379 Fed. Appx. 11, 12 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)). Applying these standards here, the Complaint fails to state an unjust enrichment claim upon which relief can be granted.

### II.   PELUSO HAS NOT STATED AN UNJUST ENRICHMENT CLAIM AGAINST ANY DEFENDANT

The unjust enrichment claim should be dismissed against all Defendants for two reasons. First, Peluso is precluded from bringing an unjust enrichment claim against Orbitz (or any

Defendant) because she alleges that a contract exists between Orbitz and her.  A party cannot recover on a claim for unjust enrichment for events arising out of the same subject matter as the contract.  Second, even if Peluso could bring a claim for unjust enrichment – which she cannot – she fails to allege the elements necessary to state a claim against any Defendant.

### A.    Peluso Is Precluded From Bringing An Unjust Enrichment Claim Because She Alleges a Contract

Peluso's claim for unjust enrichment fails as a matter of law because where a contract exists between the parties, it ordinarily precludes recovery for unjust enrichment for events arising out of the same subject matter as the contract.  *See, e.g., IDT Corp. v. Morgan Stanley Dean Witter & Co.,* 12 N.Y.3d 132, 142 (N.Y. 2009) (reversing lower court and dismissing unjust enrichment claim on a motion to dismiss); *Goldman v. Metro. Life Ins. Co.*, 5 N.Y.3d 561, 572 (N.Y. 2005) (affirming dismissal of unjust enrichment claims on a motion to dismiss).[3] Here, the conduct about which Peluso complains stems from an alleged contractual relationship between Peluso and Orbitz.

Indeed, Peluso alleges that as a "condition to purchase or rent a hotel room," consumers are "required to agree to the 'Terms and Conditions' in an 'Agreement'" and that she entered into the "Agreement" with "Defendants."  (Compl. ¶¶ 27, 77.)  Review of terms of the alleged contract demonstrates that she is actually alleging an "Agreement" only between *Orbitz* and her

---

[3] The Terms and Conditions to which Peluso consented state that "[t]he laws of the State of Illinois (USA), without regard to its conflict of law rules, will govern these Terms."  (Declaration of Steve Sedlak, Exhibit A at ¶ 13.)  Peluso selected New York as the forum to file her lawsuit. Both Illinois law and New York law impose the same requirements for pleading an unjust enrichment claim in connection with a breach of contract claim.  *Gary Friedrich Enters., LLC v. Marvel Enters.*, 713 F. Supp. 2d 215, 229 (S.D.N.Y. 2009) (concluding that "[b]oth New York and Illinois unjust enrichment law require the same elements, so there is no choice of law issue."); *see also Riverside Mktg., LLC v. SignatureCard, Inc.*, 425 F. Supp. 2d 523, 533-34 (S.D.N.Y. 2006).  The Court should dismiss Peluso's claim under Illinois and New York law.

– not with any other Defendant.  In fact, Paragraph 27 quotes this "Agreement," in pertinent part, as saying that "*Orbitz* may charge a fee for the service it provides when you purchase, book or reserve travel services, or accommodation through the Site."  (Compl. ¶ 27.) (emphasis added)

Peluso further contends that "Defendants" breached the "Agreement" by "[a]cting as agents when the Agreement states they 'do not acts as covendors'" and by marking up the "Wholesale Rate of the room and selling the room at a higher price" when the terms of the "Agreement" allegedly insufficiently describe Defendants' business practice.  (Compl. ¶¶ 79.1-79.2.) The essence of Peluso's unjust enrichment claim—pled in the most bare-boned fashion—essentially complains of the same conduct as her breach of contract claim, *i.e.* that "Defendants" have "wrongfully and fraudulently retained taxes and fees."[4]  (Compl. ¶ 84.)  Peluso even realleges and incorporates the allegations concerning her breach of contract claim into the allegations allegedly giving rise to a claim for unjust enrichment.  (Compl. ¶ 82.)

Peluso's allegations fail to state a claim upon which relief can be granted because the alleged existence of the contractual relationship between Peluso and Orbitz precludes recovery for unjust enrichment for events arising out of the same subject matter as the contract.  The core of Peluso's breach of contract claim and unjust enrichment claim is that under the alleged "Agreement," Defendants are prohibited from collecting taxes in excess of the amount required by law.  [Case No. 08-cv-10676, DE # 27, p. 43].  Accordingly, Peluso's claim for unjust enrichment is precluded from going forward, and it should be dismissed for this reason alone.[5]

---

[4] Peluso, in conclusory fashion, claims the existence of an "Agreement" between her and all Defendants.  Yet the plain language of the alleged "Agreement," quoted in paragraph 27, purports to show an "Agreement" only between *Orbitz* and Peluso.

[5] Analysis of this claim under Illinois law would compel the same result. *See, e.g., Hartigan v. E & E Hauling, Inc.*, 607 N.E.2d 165, 178 (Ill. 1992) ("Because unjust enrichment is based on
(continued…)

**B.**     **Peluso Fails To State Necessary Elements For An Unjust Enrichment Claim Against Any Defendant**

Even if the Court determined that Peluso was not precluded from bringing an unjust enrichment claim—which it should not—Peluso fails to allege the essential elements of a claim for unjust enrichment.  Count seven should therefore be dismissed for this independent reason.

Under New York law, a claim for unjust enrichment consists of the following three elements: "that (1) defendant was enriched, (2) at [Peluso]'s expense, and (3) equity and good conscience militate against permitting defendant to retain what [Peluso] is seeking to recover." *Kessenich v. Raynor*, 120 F. Supp. 2d 242, 254 (E.D.N.Y. 2000); *accord Giordano v. Thomson*, 564 F.3d 163, 170 (2d Cir. 2009).  Peluso fails to plead the second and third elements of unjust enrichment against any Defendants.

As detailed above, Peluso contends that Defendants "have charged, received, and collected taxes from consumers" allegedly belonging to and due to Peluso.  (Compl. ¶ 84.) Peluso claims that Defendants "wrongfully and fraudulently retained taxes and fees," thereby unjustly enriching Defendants "and wrongfully charging Peluso."  (Compl. ¶¶ 84, 85.)

Despite these allegations, Peluso concedes that her "Agreement" with Defendants states that "Orbitz may charge a fee for the service it provides when you purchase, book or reserve travel services, or accommodation through the Site."  (Compl. ¶ 27.)  Peluso further acknowledges that the Orbitz website states that amounts displayed in the "Taxes and Fees" line include "amounts [Orbitz] expect[s] the hotel to bill for applicable taxes, governmental fees and

---

implied contract, where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application.").

- 6 -

other charges" and that the line "includes a fee [Orbitz] charge[s] and retain[s] in exchange for the services [Orbitz] provide[s] in facilitating" transactions. (Compl. ¶ 27.)

It is inconceivable that Peluso has sufficiently pled the second element that Defendant was enriched at Peluso's expense because the "Agreement" explicitly states the terms upon which Peluso's transaction with Defendants transpired.  Nothing has occurred at Peluso's expense because Peluso consented to express terms describing the nature of the transaction she was about to consummate.  The "Agreement" expressly states to the consumer that the taxes and fees charges include "amounts [Orbitz] expect[s] the hotel to bill for applicable taxes, governmental fees and other charges" and that the line "includes a fee [Orbitz] charge[s] and retain[s] in exchange for the services [Orbitz] provide[s] in facilitating" transactions. (Compl. ¶ 27.)  Analyzing the terms of a similar "Agreement" in the Consolidated Actions, the Court has already determined that "consumers are agreeing that the excess taxes collected by Priceline will be kept by it as a fee."  In other words, Defendants are not enriched at Peluso's expense because Peluso has acquiesced to the terms of the transaction, and therefore Peluso fails to plead the second element of unjust enrichment.

Nor has Peluso pled the third element of unjust enrichment.  In fact, Peluso makes no allegation that equity and good conscience militate against permitting Defendants to retain what she seeks to recover.  New York courts routinely dismiss unjust enrichment claims failing to set forth the third prong of unjust enrichment. *See, e.g., In re JetBlue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299, 330 (E.D.N.Y. 2005) (dismissing unjust enrichment for failure to state a claim because unjust enrichment "requires the indispensable ingredient of an injustice as between the two parties involved"); *In re Hydrogen, L.L.C.*, 431 B.R. 337, 359-360 (Bankr. S.D.N.Y. 2010) (dismissing unjust enrichment claim for failure to explain factually how "equity

- 7 -

and good conscience militate against" allowing defendants to retain such payments); *Fruchthandler v. Green*, 233 A.D.2d 214, 215 (N.Y. App. Div. 1996) (dismissing claim for unjust enrichment because plaintiff's conclusory allegations regarding equity and good conscience were insufficient).

Here, Peluso does not allege inequity existing between Peluso and Defendant. This is because she cannot allege any such set of facts. Stated differently, the equities cannot weigh in Peluso's favor because Peluso has agreed to the express terms of the conduct which Peluso contends is improper. Peluso even acknowledges in her allegations that the alleged "Agreement" expressly states the contents of the "Taxes and Fees" line and charges that Orbitz retains in exchange for the provision of its services. (Compl. ¶ 27.) Another court considering the presentation of the "Taxes and Fees" line found nothing improper about Orbitz's disclosure. In fact, the appellate court affirmed the findings of the trial court, which concluded:

> Orbitz told the consumers on its website what they would pay, charged them that amount, bundled the taxes and fees so that no consumer could tell by going through the chain of windows to reserve a room that taxes in a particular amount or fees in a particular amount were being charged. The fact that the room rate quoted by Orbitz on its website is, in fact, higher than the room rate Orbitz paid to hotels is a mark up or fee or a profit, whatever you want to call it, that's inherent in the profit seeking business.

*In Re Orbitz Taxes and Fees Litigation*, No. 1-08-0217, slip op. at pp. 19-22 (Ill. App. Ct. Sept. 30, 2009), *pet. leave appeal denied*, 924 N.E.2d 455 (Ill. 2010), (*See* Declaration of Mark J. Altschul, Exhibit A.) The appellate court further concluded that an Orbitz customer could not "escape the following facts: (1) that Orbitz is a profit making venture; (2) that Orbitz quotes the consumer an amount that it advertised as including fees for its services; and (3) that the bottom line amount the consumer's credit card is charged equals the amount quoted." *See Id.* In other

words, an Orbitz customer, such as Peluso, received the benefit of what was described to her when making her booking on orbitz.com.

Because Peluso does not assert allegations meeting the second and third elements of unjust enrichment, her claim must fail against all of the Defendants. *See Kessenich*, 120 F. Supp. 2d at 254; *see also HPI Health Care Serv's, Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989) (dismissing unjust enrichment claim and holding that to state a claim for unjust enrichment under Illinois law, "a plaintiff must allege that the defendant unjustly retained a benefit to the plaintiff's detriment and that the defendant's retention violated the fundamental principles of justice, equity, and good conscience.").

### C.   Peluso Fails To Allege That She Used The Services Of Any Defendant Other Than Orbitz

Peluso also fails to state a claim against every Defendant other than Orbitz because she fails to allege that she ever used the services of any of these Defendants.  As noted above, Peluso alleges that she used the services and entered into an "Agreement," but that was only with Orbitz, which operates the website orbitz.com.  (Compl. ¶ 27.)  None of the other Defendants make customers hotel room reservations or operate a travel website and it is therefore unsurprising that Peluso fails to allege any such facts against them.

Peluso alleges in an impermissibly conclusory fashion that "[e]ach Defendant currently or at some time relevant to this dispute did business as Orbitz.com" despite alleging, to the contrary, that the event in "dispute" occurred at a fixed time—February 2009. (Compl. ¶¶ 9, 19.) Peluso makes the additional conclusory allegation that "[o]ne or more defendants owned the website at certain points in time."[6]  (Compl. ¶ 10.)  Yet the Terms and Conditions which Peluso

_____

[6] In at least two instances, it appears that Peluso may have failed to undertake any reasonable inquiry as to certain of the Defendants and certain other allegations.  For example, Defendants

(continued...)

places at issue in her allegations state that Orbitz, LLC is the legal entity through which she allegedly conducted her transaction.[7]  (*See* Declaration of Steve Sedlak, Exhibit A.).  Other than this conclusory allegation about allegedly "doing business" with Orbitz, Peluso does not allege any facts whatsoever about any of the other Defendants.

This fact belies Peluso's conclusory allegation that Defendants "have charged, received, and collected taxes from consumers" allegedly belonging to and due to Peluso and that Defendants were unjustly enriched by "wrongfully charging Plaintiff."  (Compl. ¶¶ 84, 85.) Since Peluso contends that the only Defendant with which she transacted—Orbitz—she cannot at the same time claim that all Defendants were unjustly enriched.

For this reason alone, Peluso's claims against Defendants, other than Orbitz, must be dismissed.  *See, e.g., Sobek,* 2004 U.S. Dist. LEXIS 24584, at *7-9 (dismissing breach of contract claims against entities who were not parties to the contracts at issue).[8]

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Court should dismiss the Complaint.[9]

---

"Orbitz Worldwide International, LLC" and "Orbitz.com" do not exist as legal entities. Moreover, Peluso contends that she is unaware of how or whether Defendants' business practices with regard to collection of taxes have changed since September 1, 2009, despite the fact that the Complaint was filed *13 months* after September 1, 2009.  *See* Complaint p. 3, n.1.

[7] *See Tsering v. Wong,* No. 08-Civ-5633 (JGK), 2008 U.S. Dist. LEXIS 77606, at *4 (S.D.N.Y. Oct. 3, 2008)(for a 12(b)6) motion, "the Court may consider documents that are referenced in the Complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken."

[8] Plaintiffs in *Chiste et al. v. priceline.com, Inc.* voluntarily dismissed two defendants with whom "no class representative purchased hotel rooms."  Memorandum of Law in Opposition to Defendant's Motion to Dismiss, DE #20, at 6, *Chiste et al. v. priceline.com, Inc.*, No. 08-cv-10746 (S.D.N.Y. June 22, 2009); *see also* Notice of Voluntary Dismissal, DE #14, *Chiste et al. v. priceline.com, Inc.*, No. 08-cv-10746 (S.D.N.Y. May 22, 2009).

Dated:

New York, New York
November 29, 2010

McDERMOTT WILL & EMERY LLP

By: /s_Robert A. Weiner
     Robert A. Weiner

340 Madison Avenue
New York, New York 10173
(212) 547-5400
(212) 547-5444 (facsimile)
rweiner@mwe.com

*Attorneys for Defendants*

DM_US 27020943-4.059735.0197

---

[9] Since the Court has not lifted its October 7, 2010 stay of this action pending resolution of the motions to dismiss previously filed in the Consolidated Actions (DE # 3), Defendants have limited this motion to dismiss to the single issue requested by the Court's November 15, 2010 Opinion and Order. Defendants reserve their all their rights to address additional issues, if any.

- 11 -