UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MATTHEW R. CHISTE, JASON SIDENER, and
CECILY LAMATTINA, on behalf of themselves and all
others similarly situated,

                Plaintiffs,                        08 Civ. 10676 (CM)

against

HOTELS.COM L.P., and EXPEDIA, INC. (WA),

                Defendants.
------------------------------------------------------------X

JAMES SCHULTZ, on behalf of himself and all
others similarly situated,

                Plaintiff,                        08 Civ. 10744 (CM)

against

TRAVELOCITY.COM, LP, TRAVELOCITY.COM, INC.,
SITE59.COM, LLC, SABRE HOLDINGS CORP.,

                Defendants.
------------------------------------------------------------X

MATTHEW CHISTE, DONALD SCHROUD,
and MARC GUTMAN, on behalf of themselves and all
others similarly situated,

                Plaintiffs,                        08 Civ. 10746 (CM)

against

PRICELINE.COM, INC.,

                Defendant.
------------------------------------------------------------X

HEATHER PELUSO, on behalf of herself and all
others similarly situated

                Plaintiff,                        10 Civ. 07522 (CM)

against

ORBITZ.COM, ORBITZ LLC, ORBITZ WORLDWIDE, INC.,      ECF Case
ORBITZ WORLDWIDE DEVELOPMENT, LLC,
ORBITZ WORLDWIDE INTERNATIONAL, LLC,
ORBITZ WORLDWIDE, LLC, TRAVELPORT L.P.,
THE BLACKSTONE GROUP L.P., CENDANT
CORPORATION,

                           Defendants.

-------------------------------------------------------------- x

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

Robert A. Weiner
McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10173
Tel: (212) 547-5400
Email: rweiner@mwe.com

*Attorney for Defendants Orbitz.com, Orbitz LLC, Orbitz Worldwide, Inc., Orbitz Worldwide Development, LLC, Orbitz Worldwide International, LLC, Orbitz Worldwide, LLC Travelport L.P., The Blackstone Group L.P., and Cendant Corporation*

# TABLE OF CONTENTS
TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

I.    PLAINTIFF'S CONTENTION THAT SHE MAY PLEAD UNJUST ENRICHMENT IN THE ALTERNATIVE IS IRRELEVANT TO DEFENDANTS' MOTION AND INCORRECT AS A MATTER OF LAW .................................................................... 2

II.    PLAINTIFF CAN POINT TO NO "EXCEPTION" TO THE RULE PROHIBITING AN UNJUST ENRICHMENT CLAIM WHERE A CONTRACT EXISTS WHICH SAVES HER CLAIM FROM DISMISSAL ......................................................... 4

II.    PLAINTIFF'S OPPOSITION CANNOT REFUTE THAT SHE FAILS TO ALLEGE THE REQUISITE ELEMENTS OF UNJUST ENRICHMENT ....................... 6

CONCLUSION ............................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Adler v. Pataki*,
 185 F.3d 35 (2d Cir. 1999) .................................................................................................... 3

*Air Atlanta Aero Eng'g, Ltd. v. SP Aircraft Owner I, LLC*,
 637 F. Supp. 2d 185 (S.D.N.Y. July 23, 2009) ...................................................................... 2

*Chiste, et al. v. priceline.com, Inc.*,
 No. 08-cv-10676 (S.D.N.Y. Nov. 15, 2010) ........................................................................... 7

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*,
 70 N.Y.2d 382 (N.Y. 1987) .................................................................................................... 3

*Dobbs v. Dobbs*,
 No. 06-CV-6104, 2008 WL 3843528 (S.D.N.Y. Aug. 14, 2008) ........................................... 3

*EUA Cogenex Corp. v. N. Rockland Cent. Sch. Dist.*,
 124 F.Supp.2d 861 (S.D.N.Y. 2000) ...................................................................................... 4

*Goldman v. Metro Life Ins. Co.*,
 5 N.Y.3d 561 (N.Y. 2005) ...................................................................................................... 2

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*,
 12 N.Y.3d 132 (N.Y. 2009) .................................................................................................... 2

*In re JetBlue Airways Corp. Privacy Litig.*,
 379 F. Supp. 2d 299 (E.D.N.Y. 2005) ................................................................................ 7, 8

*In re Orbitz Taxes and Fees Litig.*,
 No. 1-08-0217 (Ill. App. Ct. Sept. 30, 2009) ......................................................................... 8

*Kessenich v. Raynor*,
 120 F. Supp. 2d 242 (E.D.N.Y. 2000) .................................................................................... 6

*Mayer v. Bishop*,
 158 A.D.2d 878 (3d Dep't 1990) ........................................................................................ 4, 5

*Perfect Dental, PLLC v. Allstate Ins. Co.*,
 Nos. 04 CV 0586, 04 CV 0588, 2006 WL 2552171 (E.D.N.Y. Aug. 31, 2006) .................... 2

*Seiden Assocs, Inc. v. ANC Holdings, Inc.*,
 754 F. Supp. 37 (S.D.N.Y. Jan. 15, 1991) ......................................................................... 2, 3

*U.S. E. Telecomms., Inc. v. U.S. W. Commc'ns Servs., Inc.*,
   38 F.3d 1289 (2d Cir. 1994)..................................................................................... 5, 6

**Rules**

Fed. R. Civ. P. 8(d) ............................................................................................................ 2

## PRELIMINARY STATEMENT

As Orbitz, LLC ("Orbitz")[1] demonstrated in its Memorandum of Law in support of its Motion to Dismiss, and Plaintiff's Opposition fails to rebut, at least two independent reasons exist why the sole remaining count in Plaintiff Heather Peluso's ("Plaintiff" or "Peluso") complaint – Count VII (unjust enrichment) – should be dismissed against Defendants with prejudice.[2] *First*, the alleged existence of a contract between Peluso and Orbitz precludes Peluso from pursuing a "quasi-contract" unjust enrichment claim for events arising out of the same subject matter as the contract. Peluso should not be permitted to make an end-run around the terms of the contract to which she agreed – and which do not permit her any recovery – because the law does not sanction such an attempt. *Second*, Peluso fails to allege the elements of unjust enrichment, and the Opposition's use of unsubstantiated and unwarranted statements concerning Orbitz's alleged conduct does not change this fact.

Peluso's Opposition does nothing to disprove or refute these two essential points. Nor does the legal authority in the Opposition support Peluso's arguments. Instead, the case law is either irrelevant to the issues of this case or serves to bolster Defendants' arguments instead of Peluso's. The Court therefore should grant Defendants' Motion to Dismiss and dismiss Peluso's one remaining claim of unjust enrichment with prejudice.

---

[1] Neither Orbitz.com nor Orbitz, LLC (d/b/a Orbitz.com) is the proper name of any known legal entity. Rather, the company that operates the travel website www.orbitz.com is Orbitz, LLC. For purposes of this Reply, Orbitz, LLC will be referred to as "Orbitz."

[2] As Peluso herself admits in her Opposition brief, Defendants Orbitz.com, Orbitz Worldwide, Inc., Orbitz Worldwide Development, LLC, Orbitz Worldwide International, LLC, Orbitz Worldwide, LLC, Travelport, L.P., The Blackstone Group, L.P., and Cendant Corporation are all improper parties. Peluso voluntarily dismissed these defendants in her opposition brief (*See* Opp'n at 3.)

## I. PLAINTIFF'S CONTENTION THAT SHE MAY PLEAD UNJUST ENRICHMENT IN THE ALTERNATIVE IS IRRELEVANT TO DEFENDANTS' MOTION AND INCORRECT AS A MATTER OF LAW

Peluso first argues incorrectly that she is permitted as a matter of law to plead alternative theories of liability.[3] (Opp'n at 1.) The very allegations of Peluso's complaint doom her unjust enrichment claim because she affirmatively alleges that she entered into a contract with Orbitz. The existence of this contract precludes her from bringing an unjust enrichment claim against Defendants. *See IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142 (N.Y. 2009) (reversing lower court and dismissing unjust enrichment claim on a motion to dismiss); *Goldman v. Metro Life Ins. Co.*, 5 N.Y.3d 561, 572 (N.Y. 2005) (affirming dismissal of unjust enrichment claims on motion to dismiss).

Courts have rejected attempts by parties to use the "alternative relief" provisions of Rule 8(d) to keep an improper unjust enrichment claim alive when a contract governs the parties' dispute. *See Air Atlanta Aero Eng'g, Ltd. v. SP Aircraft Owner I, LLC*, 637 F. Supp. 2d 185, 195 (S.D.N.Y. July 23, 2009) (dismissing unjust enrichment claim due to the existence of an enforceable written contract that was not disputed). A claim of unjust enrichment is a "quasi-contractual claim" that "only applies in the absence of an express agreement." *Id.* Thus, a plaintiff may plead a breach of contract claim and an alternative unjust enrichment claim only "where there is a bona fide dispute regarding the existence of a contract." *Perfect Dental, PLLC v. Allstate Ins. Co.*, Nos. 04 CV 0586, 04 CV 0588, 2006 WL 2552171, at *1 (E.D.N.Y. Aug. 31, 2006); *see also Seiden Assocs, Inc. v. ANC Holdings, Inc.*, 754 F. Supp. 37, 40 (S.D.N.Y. Jan.

---

[3] Plaintiff incorrectly refers to Fed. R. Civ. P. 8(e)(2) as the basis for allowing a party in Federal Court to plead "potentially conflicting causes of action in the alternative." (Opp'n at 5.) The proper citation is Fed. R. Civ. P. 8(d)(2)-(3).

15, 1991) (allowing alternative unjust enrichment claim to proceed where defendant alleged it was not party to contract).

However, in this case, Peluso expressly alleges that she is party to a contract with Orbitz. Peluso alleges that as a "condition to purchase or rent a hotel room," consumers are "required to agree to the 'Terms and Conditions' in an 'Agreement,'" and that she entered into the "Agreement" with "Defendants." (Compl. ¶¶ 27, 77.) Peluso does not challenge the existence of a contract in this case, or that she was a party to the contract; in fact, Plaintiff affirmatively pleads that she entered into a valid contract with Orbitz. Therefore, Peluso's unjust enrichment claim cannot stand. *Seiden Assocs., Inc.*, 754 F. Supp. at 40 ("It is the existence of an express contract *between the parties* that bars recovery under the alternative theories for events arising out of the same subject matter as that contract.").[4]

Peluso is essentially asking the Court to rewrite the terms and conditions of her agreement with Orbitz under the guise of an unjust enrichment claim. The Court should reject her attempts to do so. The Court's dismissal of Peluso's breach of contract claim, (Opp'n at 5-6), has no bearing on whether her existing contract with Orbitz precludes her unjust enrichment claim. It is a "settled principle" that "the existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi-contract for events arising out of the same subject matter." *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388 (N.Y. 1987). This court's dismissal of Plaintiff's breach of contract claim did nothing to negate the existence of the valid contract between Peluso and Orbitz. In view of the parties' contract,

---

[4] The other cases Peluso cites in her Opposition are similarly unavailing because they are not breach of contract cases and are therefore irrelevant. *See Adler v. Pataki*, 185 F.3d 35, 41 (2d Cir. 1999) (plaintiff brought alternative civil rights claims against state officials); *Dobbs v. Dobbs*, No. 06-CV-6104, 2008 WL 3843528, *6 (S.D.N.Y. Aug. 14, 2008) (plaintiff brought alternative tort claims against sibling in dispute over father's estate).

which explicitly and indisputably covers the subject matter of their dispute in this case, Peluso as a matter of law is barred from bringing a claim against Orbitz for unjust enrichment.

## II. PLAINTIFF CAN POINT TO NO "EXCEPTION" TO THE RULE PROHIBITING AN UNJUST ENRICHMENT CLAIM WHERE A CONTRACT EXISTS WHICH SAVES HER CLAIM FROM DISMISSAL

Plaintiff next unconvincingly argues that the Court should apply a " human element" exception given the alleged unique circumstances of this case. (Opp'n at 8-10.) Yet Peluso's legal authority fails to support her argument, and she has not alleged anything about her own condition or circumstances that would make this a proper situation in which to apply this narrow purported exception.[5]

Plaintiff's three cases purporting to exemplify "exceptions" similar to the facts of this case prove either to be inapposite or detrimental to Plaintiff's argument. For example, the court in *EUA Cogenex Corp. v. N. Rockland Cent. Sch. Dist.*, 124 F.Supp.2d 861, 874 (S.D.N.Y. 2000) expressly precluded the plaintiff from bringing an unjust enrichment claim because:

> [i]t is impermissible to seek damages in an action sounding in quasi contract where [there exists] a valid written agreement, the existence of which clearly covers the dispute between the parties....It is only available where the services alleged were sufficiently outside the terms of the contract...or where there is a bona fide dispute as to the existence of a contract.

*Id.* at 873-74. *EUA Cogenex Corp.* fails to support Peluso because she does not allege the absence of a contract with Orbitz or that Orbitz made an agreement with Plaintiff outside of its contract relating to facilitating Plaintiff's hotel reservation.

Peluso's reliance on *Mayer v. Bishop*, 158 A.D.2d 878, 880 (3d Dep't 1990) is also misplaced because the facts of *Mayer* are inapposite to Peluso's allegations. Unlike the

---

[5]Moreover, even to the extent that she could allege in good faith that her circumstances are exceptional, it would raise obvious issues that were unique to her claim, and make class certification in this case wholly improper.

defendants in *Mayer*, who made a verbal agreement with the plaintiffs, Peluso does not allege that Orbitz made any such side agreement with Plaintiff. *Id.* at 879. Plaintiff alleges only the existence of the contractual agreement between Orbitz and Plaintiff. Moreover, Peluso does not allege the existence of the kind of purported "human elements" that arguably characterized the plaintiffs in *Mayer*. *Id.* at 880 (plaintiffs were "elderly and ill;" the only spouse sufficiently healthy to read the contract did not have a good command of English; and the defendants were close friends of plaintiffs and in whom plaintiffs confided). Furthermore, even if she could allege that she suffered from particular infirmities, whatever particular exceptional circumstances she might be experiencing would make her improper as a class representative.

Because she cannot allege any facts about her own condition that would make it proper to invoke this purported exception, Peluso resorts to unfounded rhetoric against Orbitz that is inconsistent with the Court's November 15 Order. Peluso asserts that Orbitz's "deliberat[e] miscalculat[ions]" somehow give rise to an exception here, but Peluso is simply seeking to impermissibly recast a deceptive business practices claim as one for unjust enrichment due to the Court's dismissal of her GBL § 349 claim. The Court should reject Peluso's attempt to transmute a non-existent claim under New York's deceptive practices act into a viable claim for unjust enrichment.

Plaintiff's final case, *U.S. E. Telecomms, Inc. v. U.S. W. Commc'ns Servs., Inc.*, 38 F.3d 1289 (2d Cir. 1994), is inapplicable to the present case because, unlike here, the plaintiff in that case *did not have* an existing contract with the defendant. Furthermore, the *U.S. E. Telecomms, Inc.* court found that the plaintiff could state an unjust enrichment claim solely because the plaintiff promised the defendant "that it would 'get paid' [which was] in the nature of a guaranty." *Id.* Peluso does not allege that Orbitz made any such extra-contractual agreement

with her. The *U.S. E. Telecomms, Inc.* decision stands solely for the proposition that an unjust enrichment claim may exist where "a party has rendered additional services upon extra-contractual representations by the other party." *Id.* at 1298. Plaintiff here alleges no such "extra-contractual representations" by Orbitz, and therefore the case has no relevance to Plaintiff's claim whatsoever.

Because Plaintiff's contract with Orbitz precludes her unjust enrichment claim, and because Plaintiff fails to articulate an "exception" that would allow her claim to proceed, Plaintiff's unjust enrichment claim must be dismissed.

### III.  PLAINTIFF'S OPPOSITION CANNOT REFUTE THAT SHE FAILS TO ALLEGE THE REQUISITE ELEMENTS OF UNJUST ENRICHMENT

Additionally, Peluso fails to allege the essential elements of a claim for unjust enrichment, and Plaintiff's Opposition has done nothing to refute or cure these fatal pleading defects. For this additional reason, her unjust enrichment claim should be dismissed. Under New York law, a claim for unjust enrichment consists of the following three elements: "that (1) defendant was enriched, (2) at [Peluso]'s expense, and (3) equity and good conscience militate against permitting defendant to retain what [Peluso] is seeking to recover." *Kessenich v. Raynor*, 120 F. Supp. 2d 242, 254 (E.D.N.Y. 2000).

Peluso has utterly failed to plead the second element that Defendants were enriched at Peluso's expense. Peluso knew what she bargained for when she transacted with Orbitz, and she admits the existence of a contract providing the terms of the transaction. The Opposition's conclusory arguments that Peluso's dispute remains "outside the terms of the contract" or that Orbitz's "obfuscation of the actual tax amount…vitiates any reliance on the contract," (Opp'n at 7), are defeated by the very language of the contract itself.

Peluso contends that Defendants "have charged, received, and collected taxes from consumers" allegedly belonging to and due to Peluso, and that Defendants "wrongfully and fraudulently retained taxes and fees," thereby unjustly enriching Defendants "and wrongfully charging Peluso." (Compl. ¶¶ 84, 85.) Despite these allegations, Peluso concedes that her "Agreement" with Defendants states that "Orbitz may charge a fee for the service it provides when you purchase, book or reserve travel services, or accommodation through the Site." (Compl. ¶ 27.) Peluso further acknowledges that the Orbitz website states that amounts displayed in the "Taxes and Fees" line include:

> amounts [Orbitz] expect[s] the hotel to bill for applicable taxes, governmental fees and other charges" and that the line "includes a fee [Orbitz] charge[s] and retain[s] in exchange for the services [Orbitz] provide[s] in facilitating transactions.

(Compl. ¶ 27.) Nothing has occurred at Peluso's expense in this case because, as demonstrated by the language above, Peluso consented to the express terms describing the nature of the transaction she was about to consummate. This Court has already concluded that plaintiffs in the Consolidated Actions are paying "exactly what they were told they were paying" when analyzing the terms of a similar "Agreement" in the Consolidated Actions. Op. & Order on Defs.' Mot. to Dismiss, DE #27 at 48, *Christe, et al. v. priceline.com, Inc.*, No. 08-cv-10676 (S.D.N.Y. Nov. 15, 2010). Thus, Peluso fails to plead, and her Opposition fails to resuscitate, the required element that Defendants were enriched at Peluso's expense.

Peluso's Opposition similarly fails to cure the defects with the allegations concerning the third element of unjust enrichment. Peluso makes no allegation that equity and good conscience militate against permitting Defendants to retain what she seeks to recover. New York courts routinely dismiss unjust enrichment claims failing to set forth the third prong of unjust enrichment. *See, e.g., In re JetBlue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299, 330

(E.D.N.Y. 2005) (dismissing unjust enrichment for failure to state a claim because unjust enrichment "requires the indispensable ingredient of an injustice as between the two parties involved."). Dismissal is likewise required here because Peluso has agreed to the express terms of the conduct which Peluso contends is improper, and therefore Peluso does not allege any inequity existing between her and Defendants.

Peluso even acknowledges in her allegations that the alleged "Agreement" expressly states the contents of the "Taxes and Fees" line and the charges that Orbitz retains in exchange for the provision of its services. (Compl. ¶ 27.) Peluso's Opposition presents nothing to refute this essential fact. Instead, Plaintiff invokes a state statute that has nothing to do with the contractual dispute at issue in this case. (Opp'n at 8.) Moreover, Peluso's attack of the *In Re Taxes and Fees Litig.* appellate decision is also unavailing because that court concluded that Orbitz's Taxes and Fees contractual representations are entirely proper and that an Orbitz customer cannot:

> escape the following facts: (1) that Orbitz is a profit making venture; (2) that Orbitz quotes the consumer an amount that it advertised as including fees for its services; and (3) that the bottom line amount the consumer's credit card is charged equals the amount quoted.

*In re Orbitz Taxes and Fees Litig.*, No. 1-08-0217, slip op. at pp. 19-22 (Ill. App. Ct. Sept. 30, 2009). *In re Orbitz Taxes and Fees Litig.* leads to the inescapable conclusion that Plaintiff has failed to plead any inequity between the parties in this case, and her unjust enrichment claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Peluso's complaint fails to state a claim for unjust enrichment, and the Court should grant Orbitz's Motion to Dismiss and dismiss Peluso's lawsuit in its entirety.

- 9 -

Dated:

New York, New York
January 7, 2011

                                    McDERMOTT WILL & EMERY LLP

                                    By: __s/ *Robert A. Weiner*__
                                          Robert A. Weiner

                                    340 Madison Avenue
                                    New York, New York 10173
                                    (212) 547-5400
                                    (212) 547-5444 (facsimile)
                                    rweiner@mwe.com

                                    *Attorneys for all Defendants*